# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ABAYOMI KALEJAIYE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-2647 (RC) |
| | : | | |
| v. | : | Re Document No.: | 55 |
| | : | | |
| QUALITY INVESTIGATIONS, INC., | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION & ORDER

### DENYING IN PART PLAINTIFF'S MOTION TO REOPEN DISCOVERY

This action concerns Plaintiff Abayomi Kalejaiye's claim for religious discrimination against his former employer, Defendant Quality Investigations, where he worked as a security guard assigned to the Federal Aviation Administration facilities.  *See* Mem. Supp. Pl.'s Mot. Reopen Discovery for Limited Purpose ("Pls.' Mot.") at 1, ECF No. 55-1.  Discovery in this matter commenced in November 2019, *see* Scheduling Order, ECF No. 6, and has been extended multiple times.  Plaintiff's final motion to extend discovery was granted only in part related to specific outstanding issues.  *See* Min. Order of Sept. 18, 2021.

In October 2021, the Court denied Plaintiff's motion to compel a continued 30(b)(6) deposition of the Defendant but allowed Plaintiff to send a final, targeted set of requests for admissions "specifically tailored to Defendant's consideration of potentially transferring Plaintiff to the Department of Labor as an accommodation."  Order, ECF No. 48.  Unsatisfied with the responses, Plaintiff sought to compel fully sufficient answers to several of those requests for admissions, which the Court granted with respect to two and denied with respect to the remainder.  Min. Order of Feb. 21, 2022.  Separately, Plaintiff sought to reopen discovery to continue the 30(b)(6) deposition of Defendant and conduct a deposition of a Department of

Labor employee with knowledge of its contract with Defendant, arguing that Defendant's responses to the post-discovery RFAs "did not resolve Plaintiff's need to continue his deposition, and, in fact, raised several concerns that did not exist before."  Pl.'s Mot. at 3-4.

Contrary to Defendant's assertion, the Court's earlier order regarding the sufficiency of the responses to the requests for admissions did not "ostensibly den[y] or render[] moot" the Motion to Reopen Discovery, *see* Joint Status Report of April 1, 2022 at 2, because the two motions sought different relief.  The present motion seeks not to compel different answers to the requests for admissions, but to allow additional depositions because "Defendant violated the spirit of" the Court's order authorizing the requests.  *See* Pls.' Reply Supp. Mot. Reopen Discovery ("Pl.'s Reply") at 3–4, ECF No. 59.  Accordingly, the Court granted Plaintiff's motion to reopen discovery for the limited purpose of conducting a 30(b)(6) deposition of a DOL employee with knowledge of its contract with Defendant.  *See* Min. Order of Sept. 23, 2022. However, the Court finds that good cause does not exist to extend discovery any further and therefore denies Plaintiff's request to continue the deposition of Defendant.

"Reopening discovery . . . requires a showing of good cause."  *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012) (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 576 F. Supp. 2d 128, 133 (D.D.C.2008)) (alterations omitted). "The party seeking to reopen discovery bears the burden of showing good cause," *Lopez v. Timeco Inc.*, 291 F. Supp. 3d 1, 3 (D.D.C. 2017), and courts consider "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in

light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000).

Although a trial date has not yet been set, discovery in this case was originally supposed to conclude on July 31, 2020 and has been extended no fewer than six times. *See* Def.'s Opp'n to Mot. Reopen Discovery ("Def.'s Opp'n") at 1–4, ECF No. 58. Still, Plaintiff has been reasonably diligent in serving the requests for admission in this final round of discovery. Plaintiff's asserted need to continue the 30(b)(6) deposition was known within the discovery period and was the subject of an earlier motion which was denied by the Court, *see* Order, ECF No. 48, and the authorized requests for admissions were served within the time limit set by the Court, Pl.'s Mot. at 3. Defendant opposes this motion and would suffer the prejudice of the effort and expense of another deposition, in addition to the further delay in resolving the case.

The disagreement between the parties comes down to the sixth factor, "the likelihood that discovery will lead to relevant evidence." *See Childers*, 197 F.R.D. at 188. Plaintiff argues that a continued deposition will allow him "to uncover the extent of Defendant's communications with the DOL, their investigation into accommodating Plaintiff's request for accommodation by transferring him to the DOL contract, Defendant's policies and procedures regarding transferring its employees between guard contracts, Defendant's ability to transfer Plaintiff to the DOL contract, and more," and in the near-certain event that Defendant claims a lack of knowledge, allow Plaintiff to "inquire into the extent of Defendant's knowledge, the sources of Defendant's present knowledge, the past or present existence of relevant documents, and Defendant's retention of said documents." Pl.'s Mot. at 30–31. But the requests for admissions already inquired into all of those subjects. That Plaintiff considers Defendant's responses improbable does not mean he could achieve a different result by continuing the 30(b)(6) deposition.

Plaintiff catalogues an exhaustive list of inconsistencies and evasive language in Defendant's responses.  In particular, he takes issue with Defendant's repeated statement that there were "no identified or known missing records under the possession, custody or control of Defendant that were not maintained" as inconsistent with other admissions that Defendant does not have documentation related to a variety of topics.  Pl.'s Mot. at 7–13.  While Defendant does seem to have a remarkably narrow interpretation of "identified or known missing records," Plaintiff will be able to use any inconsistencies in Defendant's collective responses to call into question the accuracy or credibility of Defendant's recollections and statements in a motion for summary judgment, or else at trial.  The same goes for Plaintiff's concern that "[a] number of Defendant's responses contradict [or misconstrue] facts and evidence uncovered in discovery." *Id.* at 14.  Plaintiff is entitled to use those contradictions to highlight questions of material fact in the context of opposing a motion summary judgment, and eventually to bring them to the attention of a jury.  He is not entitled to continue asking the same questions because he believes Defendant should have answered differently.

The Court finds that continuing the 30(b)(6) deposition would not lead to additional relevant evidence, would be prejudicial to Defendants, and would needlessly delay the resolution of this already long-running matter.  Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Reopen Discovery (ECF No. 55) is **DENIED** with respect to Plaintiff's request to reopen discovery to continue the 30(b)(6) deposition of Defendant.

       **SO ORDERED**.

Dated:  September 26, 2022                           RUDOLPH CONTRERAS
                                                      United States District Judge